UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUXX INTERNATIONAL, LLC, *et al.*, | Case No. 2:23-cv-00512-MMD-DJA |
| Plaintiffs, | ORDER |
| v. | |
| PURE WATER TECHNOLOGIES, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiffs Luxx International, LLC and Wayde King sued Defendants Pure Water Technologies ("PWT"), Tasty One, LLC, Michael Kaplan, and Adam Kaplan for trademark infringement and other related claims. (ECF No. 1 ("Complaint").) The Kaplans then filed counterclaims, alleging fraudulent misrepresentation against each Plaintiff. (ECF No. 16 ("Counterclaim").) Before the Court is Plaintiffs' motion to dismiss the Counterclaim (ECF No. 20 ("Motion")).[1] As further explained below, the Court grants in part and denies in part the Motion—granting it as to the counterclaim against Luxx International and denying it as to the counterclaim against King. The Court also grants the Kaplans leave to amend their counterclaim against Luxx International.

**II.   BACKGROUND**

The following allegations are adapted from the Complaint and Counterclaim. In July 2017, Luxx International, King, and the Kaplans entered into an operating agreement ("Agreement") to create and operate PWT, a business "providing goods and services in commerce pertaining to water, especially water filtration systems." (ECF No. 1 at 3, 5.)

---

[1]The Kaplans filed a response (ECF No. 22), and Plaintiffs filed a reply (ECF No. 24).

Before the formation of PWT, the Kaplans met non-party Charlie Luxx in 2014, and Luxx worked as a salesperson for the Kaplans. (ECF No. 16 at 17.) For reasons unknown at the time, Luxx refused to accept payments in his name and informed the Kaplans to pay any money owed to Luxx to his mother, Allyson Martin, or to pay Luxx's bills directly. (*Id.*) Ultimately, Luxx formed Luxx International with his mother as principal to accept any payments on his behalf. (*Id.*) The Kaplans eventually offered Luxx an ownership interest in PWT, which he took in the name of Luxx International, LLC. (*Id.*) The Kaplans later learned that Luxx's real name was Derek Martin Hunt and that he was a "fugitive from the law" who had been "indicted and convicted in the state of Georgia for aggravated child molestation [and] statutory rape" in 2013. (*Id.* at 17-18.) The Kaplans allege that had they known of Luxx's criminal background, they would not have sent him into customer's homes to perform sales presentations and would not have offered him an ownership interest in PWT. (*Id.* at 18.)

In late 2016 or early 2017, Luxx introduced King to the Kaplans. (*Id.* at 19.) At the time, King was part of the Animal Planet show "Tanked," where King would install "exotic and high[-]end custom aquariums in celebrity homes and businesses." (*Id.*) In early 2017, in a meeting at King's office, King allegedly represented to the Kaplans that he had "an extensive customer list including A-list celebrities and businesses," that he would share the "Tanked" customer list with PWT, that he would "extensively feature" PWT products on "Tanked," and that he could get celebrity endorsements for PWT products. (*Id.*) The Kaplans eventually gave King an ownership interest in PWT in July 2017. (*Id.*) The Kaplans allege that none of King's representations at the early 2017 meeting were true and that had they known that King "would not provide his contact list for marketing, was not capable of providing celebrity endorsements, and would not prominently feature [PWT] products on his 'Tanked' show," they would not have offered King an ownership interest in PWT. (*Id.* at 21.)

The Kaplans assert two counterclaims: (1) fraudulent misrepresentation against Luxx International; and (2) fraudulent misrepresentation against Wayde King. (*Id.* at 21-22.)

## III.   DISCUSSION

Plaintiffs argue that the Kaplans' counterclaims fail as a matter of law. The Court addresses each counterclaim in turn and whether it will grant the Kaplans leave to amend any dismissed counterclaims.

To state a claim for fraudulent misrepresentation, a plaintiff must allege five elements: (1) the defendant made a false representation; (2) the defendant knew or believed the representation was false; (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff suffered damages from the reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Rather than only identifying the transaction, the complaint must also "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted).

### A.   Counterclaim Against Luxx International

Plaintiffs argue that the Kaplans' counterclaim against Luxx International fails because they fail to allege any false misrepresentation made by Luxx International and rather only allege that nonparty Charlie Luxx failed to disclose his real identity. (ECF No. 20 at 6.) The Kaplans counter that the doctrine of alter ego "binds" Luxx International to

Charlie Luxx's alleged fraud. (ECF No. 22 at 10.) In reply, Plaintiffs argue that the alter ego doctrine cannot apply because the Kaplans did not plead any elements of the doctrine.[2] (ECF No. 24 at 4.)

The Court agrees with Plaintiffs that the Kaplans have based their fraudulent misrepresentation claim against Luxx International solely on alleged conduct by Charlie Luxx. (ECF No. 16 at 21-22.) And even assuming the alter ego doctrine could apply here and impute Charlie Luxx's conduct to Luxx International, the Kaplans have not plead any elements of the alter ego doctrine in their Counterclaim and only raised that doctrine for the first time in their response to the Motion. The Kaplans "must specifically allege all three elements of alter ego liability and facts that support each element." *Trina Solar US, Inc. v. Carson-Selman*, Case No. 2:20-cv-1308-JCM-BNW, 2020 WL 7338552, at *3 (D. Nev. Dec. 14, 2020) (citation omitted). Because they have not done so, the Court finds that they have not sufficiently connected Luxx International to Charlie Luxx's alleged fraudulent conduct, let alone pleaded this counterclaim with the requisite particularity under Rule 9(b),[3] and fail to state a counterclaim against Luxx International. The Court accordingly grants the Motion as to this counterclaim.

However, the Court will grant the Kaplans leave to amend their counterclaim against Luxx International. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3)

---

[2]Plaintiffs also argue that the alter ego doctrine cannot apply because Charlie Luxx is not a party to this action, implicating due process concerns. (ECF No. 24 at 5-6.) However, the Court is not persuaded by this due process argument because Plaintiffs rely solely on *Callie v. Bowling*, 160 P.3d 878 (Nev. 2007), which involved the reversal of a granting of a motion to amend the judgment which added a nonparty to the final judgment under the alter ego doctrine. The instant action is currently at a very different and much earlier stage of litigation—at the motion to dismiss stage—and therefore does not involve the same due process concerns.

[3]The Court need not—and does not—fully address Plaintiffs' arguments that the Kaplans do not adequately allege damages incurred because of the alleged misrepresentation (ECF No. 24 at 3), but the Court notes that their conclusory allegation of damages (ECF No. 16 at 22) may be insufficient.

4

the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). The Court finds that amendment would not necessarily be futile. While the Court questions the applicability of the alter ego doctrine in the situation here, particularly given that Charlie Luxx is not alleged to be an official agent, officer, or LLC member of Luxx International, the Court finds that the Kaplans have made some argument as to the viability of this doctrine (ECF No. 22 at 10-11) and it is therefore possible for them to cure the identified deficiencies in this counterclaim.

### B.     Counterclaim Against King

As an initial matter, Plaintiffs proffer the Agreement (ECF No. 20-1) in support of their argument that the parol evidence rule bars the Kaplans' fraud claim against King because the terms of the Agreement contradict their allegations, specifically that the Agreement states that King's contribution will be simply his "Business Expertise." (ECF No. 20 at 8.) "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citations omitted). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Here, neither side addresses whether the Court may properly consider the Agreement at this motion to dismiss stage. While Plaintiffs attached the Agreement to their Complaint, the Kaplans did not attach the Agreement to their Counterclaim nor did they mention and incorporate by reference the Agreement in the Counterclaim.[4] Accordingly, because the Counterclaim—not the Complaint—is at issue here, the Court

---

[4] The Kaplans do mention the Agreement in their answer in response to Plaintiffs' Complaint (ECF No. 16 at 3-6, 11), but the answer is treated separately from the Counterclaim.

declines to consider the Agreement[5] and Plaintiffs' parol evidence rule argument at this stage.[6]

Next, Plaintiffs argue that "[a]t best, Defendants' allegation is that King broke an oral promise that was not committed to writing[,] [b]ut broken promises are not actionable." (ECF No. 24 at 8; ECF No. 20 at 9.) As support, Plaintiffs rely on *Sattari v. Washington Mut.*, Case No. 2:09-CV-00768-KJD, 2010 WL 3896146, at *4 (D. Nev. Sept. 29, 2010), *aff'd*, 475 F. App'x 648 (9th Cir. 2011), citing *Murphy v. T. Rowe Price Reserve Fund, Inc.*, 8 F.3d 1420, 1423 (9th Cir. 1993) for the proposition that "gratuitous promises are not enforced in equity." But *Sattari* and *Murphy* concerned breach of oral agreement claims that failed for lack of consideration. *See id.* The Kaplans' counterclaim for fraudulent misrepresentation against King has different elements and does not require consideration. *See Bulbman*, 825 P.2d at 592. The Court therefore finds Plaintiffs' broken promise argument unpersuasive.[7] Accordingly, the Court denies the Motion as to the counterclaim against King.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

---

[5]The Court also declines to consider the declarations proffered by the parties (ECF Nos. 20-2, 22-1) because they were not attached to the Counterclaim, were not incorporated by reference in the Counterclaim, and are not matters of judicial notice. *See Ritchie*, 342 F.3d at 907.

[6]In any event, even if the Court did consider Plaintiffs' parol evidence rule argument and the Agreement, it would find the argument unpersuasive because King's alleged misrepresentations do not appear to directly contradict the term in the Agreement indicating that King's initial capital contribution would be his business expertise.

[7]Plaintiffs also raised for the first time in their reply that the Kaplans did not sufficiently allege damages as to their counterclaim against King. (ECF No. 24 at 10.) The Court need not—and does not—consider this argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

It is therefore ordered that Plaintiffs' motion to dismiss (ECF No. 20) is granted in part and denied in part, as specified herein. The Court dismisses the counterclaim against Plaintiff Luxx International, LLC but grants Defendants Michael Kaplan and Adam Kaplan leave to amend that counterclaim, as specified herein.

It is further ordered that the Kaplans must file their first amended counter-complaint containing amended allegations to cure the deficiencies identified herein within 15 days of the date of this order. Failure to do so will result in dismissal of their counterclaim against Luxx International without prejudice.

DATED THIS 17th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE