UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Luxx International, LLC and Wayde King, <br><br>Plaintiffs, <br><br>v. <br><br>Pure Water Technologies; Tasty One, LLC; Michael Kaplan; and Adam Kaplan, <br><br>Defendants. | Case No. 2:23-cv-00512-MMD-DJA <br><br>**Order** |

Before the Court is Plaintiff Wayde King's motion to compel Defendants Pure Water Technologies, Adam Kaplan, and Michael Kaplan to provide supplemental discovery responses and to pay King's fees and costs associated with bringing the motion. (ECF No. 31). Also before the Court is Defendants Adam Kaplan and Michael Kaplan's countermotion for a protective order (ECF No. 35) and Defendant Pure Water Technologies' joinder to that motion (ECF No. 36). Because the Court finds that a motion to compel is unnecessary, but that a blanket protective order containing King's proposed language is appropriate, it denies King's motion to compel and grants in part and denies in part the Kaplan Defendants' counter-motion for protective order.

**I.     Background.**

King argues that, on the day Defendants' discovery responses were due, Defendants asserted that they needed a protective order in place to respond.[1] After discussions regarding the terms of that order fell apart, King filed the instant motion. In addition to compelling Defendants to respond to the discovery requests, King asks the Court to enter a protective order containing

---

[1] Both sides disagree over what occurred during the parties' meet and confer efforts leading up to the instant motion. Given the parties' differing interpretations of that process, and the fact that the motion is now before the Court, the Court declines to decide the issue on the parties meet and confer efforts and thus, does not discuss the meet and confers further.

King's proposed language.  King asserts that Defendants' proposed language—which mandates specific sanctions for violations of the protective order and concludes that monetary remedies would be inadequate—is inappropriate.

Defendants Michael and Adam Kaplan (the "Kaplan Defendants") respond and counter-move for a protective order.  (ECF No. 35).  The Kaplan Defendants assert that a motion to compel is unnecessary because they have already agreed to respond to the discovery requests, but simply require a protective order to do so.  The Kaplan Defendants' countermotion asks the Court to enter the Kaplan Defendants' proposed language.  Defendant Pure Water Technologies joins the Kaplan Defendants' response and counter-motion.  (ECF No. 36).  King replies and reiterates that his version of the protective order is proper.  (ECF No. 39).  King also reiterates that sanctions are warranted because of Defendants' last minute request for a protective order.

**II.     Legal standard.**

If a party resists discovery, Rule 37(a) authorizes the requesting party to file a motion to compel.  The party resisting discovery bears the burden of showing why that discovery should not be permitted because it is irrelevant, overly broad, or unduly burdensome.  *Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016).  If the court grants a motion to compel, the court must require the party whose conduct necessitated the motion, the party's attorney, or both to pay the movant's fees.  Fed. R. Civ. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 26(c) governs protective orders.  Blanket protective orders are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential.  *See* Fed. R. Civ. P. 26(c)(1)(B); *see Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-00439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015).  Blanket protective orders are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosures.  *Id.*

### III. Discussion.

#### A. King's motion to compel.

The Court denies King's motion to compel because the Defendants have indicated that they are not refusing to respond to discovery requests (indeed, they have identified the Bates numbers of the documents they will produce) they are simply waiting until the parties have agreed on a protective order. Because the Court determines the language of that protective order here, a motion to compel is not necessary. The Court will, however, require Defendants to produce their responsive documents by November 17, 2023.

#### B. The Kaplan Defendants' countermotion for a protective order.

The Court grants in part and denies in part the Kaplan Defendants' countermotion for a protective order. Having reviewed both parties' proposed language, the Court will require that the parties' stipulated protective order contain King's proposed language. The Court does not find it necessary to dictate particular sanctions in the blanket protective order.

**IT IS THEREFORE ORDERED** that King's motion to compel (ECF No. 31) is **denied.**

**IT IS FURTHER ORDERED** that Defendants' responses to King's requests for production identified in his motion to compel are due on or before **November 17, 2023.**

**IT IS FURTHER ORDERED** that the Kaplan Defendants' countermotion for a protective order (ECF No. 35) is **granted in part and denied in part.** It is granted in part regarding the Kaplan Defendants' request that the Court order the parties to enter a protective order. It is denied in part regarding the Kaplan Defendants' request that the Court order the parties to include the Kaplan Defendants' proposed language.

**IT IS FURTHER ORDERED** that the parties must incorporate King's proposed language into a stipulated protective order and submit that order to the Court on or before **December 4, 2023**.

DATED: November 6, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE