1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Luxx International, LLC; and Wayde
King,

             Plaintiffs,

    v.

Pure Water Technologies; Tasty One, LLC;
Michael Kaplan; Adam Kaplan; et al.,

             Defendants.

And related counterclaims.

Case No. 2:23-cv-00512-MMD-DJA

**Order
and
Report and Recommendation**

13    Before the Court is Plaintiff/Counter-Defendant Luxx International, LLC's motion to

14  extend time to retain counsel.  (ECF No. 111).  Also before the Court is pro se Plaintiff/Counter-

15  Defendant Wayde King's motion to strike Defendant/Counter-Claimant Pure Water

16  Technologies' ("PWT") response to Luxx's motion to extend time.  (ECF No. 118).  Because

17  Luxx has not shown good cause for the extension it seeks, the Court denies its motion and

18  recommends that Luxx's claims be dismissed without prejudice and that the Clerk of Court be

19  directed to enter default against Luxx and in favor of Michael Kaplan and Adam Kaplan on the

20  Kaplans' counterclaims against Luxx.  Because King asks the Court to strike a document that is

21  not a pleading, but moves under Federal Rule of Civil Procedure 12(f), which is confined to

22  pleadings, the Court denies King's motion to strike.

23    **I.    Luxx's motion to extend time.**

24    In Luxx's motion to extend time—its third motion for an extension of time to retain

25  counsel—its representative Allyson Martin provides various reasons why Luxx has not timely

26  been able to retain counsel.  She provides that Luxx "has been searching for counsel," has

27  "contacted many lawyers," and that she has dealt with issues in her personal life.  But Martin

28  provides no dates and no specifics regarding Luxx's attempts at retaining counsel.  So, the Court

1    does not find that Luxx has shown good cause to extend the deadline for it to retain counsel a

2    third time.  *See* Fed. R. Civ. P. 6(b).  The Court therefore denies the motion.[1]

3    　　　Because Luxx cannot proceed in this action without counsel, the Court further

4    recommends dismissing Luxx's claims without prejudice and directing the Clerk of Court to enter

5    default against Luxx and in favor of Michael Kaplan and Adam Kaplan on the Kaplans'

6    counterclaims against Luxx.  *See Reading Intern., Inc. v. Malulani Group, Ltd*., 814 F.3d 1046,

7    1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel); *see Ramsey v.*

8    *Hawaii*, No. 20-00215-JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020) (explaining

9    Federal Rule of Civil Procedure 55's two-step process for default consisting of: (1) seeking the

10   clerk's entry of default; and (2) filing a motion for entry of default judgment); *see Dr. JKL Ltd. v.*

11   *HPC IT Education Center*, 749 F.Supp.2d 1038, 1048 (N.D. Cal. Oct. 28, 2010) (granting a

12   motion to strike an answer because a pro se litigant attempted to file it on behalf of a corporate

13   defendant); *see Center Khurasan Construction Co. v. JS International, Inc.*, No. 2:25-cv-00191-

14   CDS-NJK, 2025 WL 2770685 (D. Nev. June 17, 2025) (dismissing a corporate plaintiff's case for

15   failure to comply with order to retain counsel).  Federal Rule of Civil Procedure 41(b) permits

16   dismissal of an action for the failure to prosecute or comply with rules or a court order.  Fed. R.

17   Civ. P. 41(b).  District courts also have the inherent power to impose sanctions, including default

18   and dismissal where appropriate.  *Thompson v. Housing Authority of City of Los Angeles*, 782

19   F.2d 829, 831 (9th Cir. 1986).  In considering whether to dismiss an action under Rule 41(b) or

20   enter dismissal and default sanctions using inherent authority, courts consider: (1) the public's

21   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

22   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

23   merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th

24   Cir. 1998); *Thompson*, 782 F.2d at 831.

25

26   _____

27   [1] Because the Court finds that Luxx has not met its burden of showing good cause for extending
     the deadline, the Court does not delve into the details of PWT's response (ECF No. 112), its
     errata (ECF No. 113), Adam Kaplan and Michael Kaplan's joinder (ECF No. 114), and Tasty

28   One, LLC's joinder (ECF No. 115).

1    Here, because Luxx has not complied with the Court's order to retain counsel, the Court

2    recommends dismissal of Luxx's claims and directing the Clerk of Court to enter default against

3    Luxx and in favor of Michael Kaplan and Adam Kaplan on the Kaplans' claims against Luxx.

4    The first factor weighs in favor of dismissal and default because the public has an interest in

5    expeditious resolution of litigation and Luxx's failure to comply with this Court's order impedes

6    this goal.  The second factor weighs in favor of dismissal and default because the Court's need to

7    manage its docket is thwarted by Luxx's failure to comply with this Court's order or to retain

8    counsel.  The third factor weighs in favor of dismissal and default because a presumption of

9    injury arises from Luxx's unreasonable delay in prosecuting and defending this action through

10   counsel.  *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—

11   the public policy favoring disposition of cases on their merits—is greatly outweighed by the

12   factors favoring dismissal and default; there can be no disposition on the merits of Luxx's claims

13   and Michael and Adam Kaplan's claims against Luxx if Luxx never retains counsel.  The fifth

14   factor requires the Court to consider less drastic alternatives to dismissal and default.  However,

15   Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but

16   must explore possible and meaningful alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1424

17   (9th Cir. 1986).  Under these facts, the Court can do no more than again order Luxx to retain

18   counsel so that it may participate in this case.  Luxx was adequately informed that a corporation

19   may appear in federal court only through licensed counsel.  (ECF No. 106).  Because Luxx has

20   been unable or unwilling to comply, and is still without counsel, dismissal and default are

21   warranted here.

22   **II.    King's motion to strike.**

23   King moves under Federal Rule of Civil Procedure 12(f) to strike PWT's response to

24   Luxx's motion to extend time, arguing that the response contains immaterial, impertinent, and

25   scandalous matters.  (ECF No. 118) (King's motion); (ECF Nos. 112, 113) (PWT's response and

26   errata).  However, a Rule 12(f) motion to strike is limited to pleadings.  *See Sidney-Vinstein v.*

27   *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  And King does not identify another basis for

28

1    the Court to strike PWT's response.  So, the Court denies King's motion (ECF No. 118) and the

2    request for sanctions that King and Luxx make in their reply (ECF No. 124).[2]

3

4    <center>**ORDER**</center>

5        **IT IS THEREFORE ORDERED** that Luxx's motion to extend time (ECF No. 111) is

6    **denied.**

7        **IT IS FURTHER ORDERED** that King's motion to strike (ECF No. 118) is **denied.**

8

9    <center>**RECOMMENDATION**</center>

10       **IT IS RECOMMENDED** that Luxx's claims be dismissed without prejudice and that the

11   Clerk of Court be directed to enter default against Luxx and in favor of Michael Kaplan and

12   Adam Kaplan on the Kaplans' counterclaims against Luxx.

13

14   <center>**NOTICE**</center>

15       Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

16   in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

17   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

18   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

19   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

20   (1) failure to file objections within the specified time and (2) failure to properly address and brief

21   the objectionable issues could waive the right to appeal the District Court's order and/or appeal

22   factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

23

24

---

25   [2] Again, because the Court denies the motion on this basis, it does not delve into the details of the
26   responses, joinders, and replies (ECF Nos. 122, 123, 124, 125, 126, 127).  The Court notes that
     PWT, Michael Kaplan, Adam Kaplan, Tasty One seek sanctions for having to respond to King's
27   motion.  (ECF Nos. 122, 127).  But these parties provide no legal basis for their sanction request
     and have not separately moved for sanctions.  *See* LR IC 2-2(b).  So, the Court declines to award
28   them.

<center>Page 4 of 5</center>

1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 9, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE