UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUXX INTERNATIONAL, LLC, *et al.*, <br><br>　　　　　　Plaintiffs, <br>　　v. <br>PURE WATER TECHNOLOGIES, *et al.*, <br><br>　　　　　　Defendants. | Case No. 2:23-cv-00512-MMD-DJA <br><br>ORDER |

Plaintiffs Luxx International, LLC ("Luxx") and Wayde King sued Defendants Pure Water Technologies ("PWT"), Tasty One, LLC, Michael Kaplan, and Adam Kaplan for trademark infringement and other related claims. (ECF No. 1 ("Complaint").) The Kaplans then filed counterclaims, alleging fraudulent misrepresentation against each Plaintiff. (ECF No. 16 ("Counterclaim").) Plaintiff Luxx filed a motion[1] to extend time to retain counsel (ECF No. 111), and pro se Plaintiff Wayde King filed a motion[2] to strike (ECF No. 118) Defendant PWT's response to Luxx's motion to extend time. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Daniel J. Albregts (ECF No. 128), recommending that the Court: (1) dismiss Luxx's claims without prejudice; and (2) enter default judgment against Luxx and in favor of Michael Kaplan and Adam Kaplan on the Kaplans' counterclaims against Luxx.[3] (ECF No. 128 at 4.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

---

[1]Defendants responded (ECF No. 112). Plaintiff did not reply.

[2]Defendants responded (ECF No. 122), and Plaintiffs replied (ECF Nos. 124, 125, 126).

[3]The Magistrate Judge denied Luxx's motion to extend time to retain counsel (ECF No. 111) and King's motion to strike (ECF No. 118). (ECF No. 128 at 1-2, 4.)

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Albregts did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). After explaining his rationale for denying the motion to extend time to retain counsel (ECF No. 111), Judge Albregts recommends dismissal of Luxx's claims without prejudice because Luxx cannot proceed in this action without representation, as corporations must be represented by counsel. (ECF No. 128 at 2-3.) Judge Albregts further explains that dismissal is proper under Fed. R. Civ. P. 41(b)[4] because Luxx failed to comply with the Court's order to retain counsel, despite having received notice that a corporation may appear in federal court only through licensed counsel.[5] (*Id.* at 3; *see also* ECF No. 106.) Accordingly, because Luxx has been unable or unwilling to comply, Judge Albregts recommends entry of default against Luxx and in favor of Michael Kaplan and Adam Kaplan on the Kaplans' claims against Luxx. (ECF No. 128 at 3.) Having reviewed the R&R, Judge Albregts did not clearly err.

///
///
///
///
///
///

---

[4]Fed. R. Civ. P. 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. District courts also have the inherent power to impose sanctions, including default and dismissal where appropriate. *See Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

[5]In considering whether to dismiss an action under Rule 41(b) or enter dismissal and default sanctions using inherent authority, courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998) (internal citation omitted); *see also Thompson*, 782 F.2d at 831.

It is therefore ordered that Judge Albregts' Report and Recommendation (ECF No. 128) is accepted and adopted in full.

It is further ordered that Luxx's claims are dismissed without prejudice.

It is further ordered that Michael Kaplan and Adam Kaplan are entitled to default judgment on the Kaplans' counterclaims against Luxx. The Kaplans are directed to submit a proposed order for default judgment within 10 days.

It further ordered that Defendants' amended motions (ECF No. 129) are denied as moot.

DATED THIS 5th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE